# UNITED STATES OF AMERICA
*v.*
## ELADIO IZQUIERDO.

San Juan, Criminal, No. 2150.

Opinion filed November 14, 1923.

*Mr. Ira K. Wells,* United States District Attorney, for United States.

*Mr. Leopoldo Felin* for defendant.

ODLIN, Judge, delivered the following opinion:

The information in this case was filed on March 20, 1922, and sets forth an alleged violation of the National Prohibition

Act as having been committed on the 1st day of December, 1921. Bond was given by the defendant and nothing whatever was done by him or by the United States district attorney until the 4th day of September, 1923. On that day counsel for the defendant filed in the office of the clerk of this court a motion asking that an order be granted dismissing the case upon the ground that nearly eighteen months had elapsed since the information was filed and that no steps had been taken by the United States district attorney to have the case tried and disposed of, in accordance with the provisions of the 6th Amendment of the Constitution of the United States, which provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial.

It will be observed that there is no statement of any kind in this motion that the defendant ever asked for a trial; nor is there any statement that the defendant ever was incarcerated. This motion was argued both orally and by brief before the acting judge of this court during the absence of the undersigned judge in the United States, the latter returning to San Juan about 5 P. M. on the 25th day of October, 1923. On that day, but before 5 P. M., an order was signed and filed by the acting judge granting the motion. On October 27, two days later, there was filed by the United States district attorney a motion for a reconsideration, and this motion has been submitted to the court and argued by the United States attorney and by counsel for the defendant.

It is of course unpleasant for the judge of this court to revoke an order made by the acting judge, but when the same is clearly erroneous no other action can be taken. I am convinced that it is just as much my duty to revoke an order of the acting

district judge on a motion for reconsideration when I deem the same wrong as it is to revoke an order of my own which on reconsideration I deem erroneous.

The only decision relied upon and cited by the acting judge is the case of State v. Keefe, reported in 17 Wyo. 227, 22 L.R.A.(N:S.) 896, 98 Pac. page 122, 17 Ann. Cas. 161. This case holds that a person accused of crime and admitted to bail is equally entitled to a speedy trial with an accused person who is incarcerated and unable to give bail. I am entirely in accord with this view of the law, but the acting judge overlooked the fact that in the case of State v. Keefe the accused had asked for a speedy trial and had not obtained the same within a reasonable time; whereas in the case now under consideration it is admitted that the accused never has asked for a trial. It is well known that the majority of persons accused of crime not only do not desire a speedy trial, but do not desire any trial whatever. It is clearly outside of any reasonable construction of the 6th Amendment to dismiss a criminal prosecution because the accused has not had a speedy trial, when he never asked for any trial. I am convinced no court has ever gone this far.

But the principal reason why I feel obliged to revoke and recall the order of October 25, signed by the acting judge of this court is that it might create a precedent which would cause many thousands of dollars expense to the United States. The alleged offense having been committed in the month of December, 1921, the district attorney could file another information to-day against this accused, and the costs and expenses of the prosecution would be practically doubled up to the time of the trial.

It is also to be noted that in the opinion of the acting judge reference is made to certain rules or requirements found in the statutes of certain states; also reference is made to the period of one hundred and twenty days in force in Porto Rico as a reasonable time within which the government is compelled to try a criminal case, counting from the date of the filing of the information. Counsel for the defendant admits that this rule is not absolute and that the prosecuting attorney upon a proper showing may have this period of one hundred and twenty days extended. However, that point is of no importance in my opinion, because state courts and the courts of Porto Rico have no more power to make rules binding upon Federal courts than Federal courts have to formulate rules binding upon state courts or upon Porto Rican courts. It is of course clear that if the courts of Porto Rico could make rules binding upon this court, Congress might as well close the doors of this court and abolish the same.

I, therefore, hold that the order of October 25, 1923, must be revoked and recalled, and the case is restored to the criminal docket, but with the right to the accused to demand a speedy trial at the present term of court if he wishes the same, and if such request shall be presented the same will be granted.

To this order counsel for the accused except.

Done and Ordered in open court at San Juan, Porto Rico, this 14th day of November, 1923.